IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DMITRY PRONIN, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. Act. No. 13-06-LPS |
| | : | Cr. Act. No. 11-33-LPS |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

---

Dmitry Pronin.
    *Pro se* Movant.


Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.
    Attorney for Respondent.


**MEMORANDUM OPINION**


March 31, 2017
Wilmington, Delaware

STARK, U.S.D.J.:

## I. INTRODUCTION

Dmitry Pronin ("Movant") filed a timely Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, asserting three claims for relief. (D.I. 27) The United States ("Government") filed an Answer in Opposition. (D.I. 33) In a Memorandum Opinion dated September 30, 2016, the Court denied Claim Two of Movant's § 2255 Motion. The Court reserved ruling on Claim One, which alleges ineffective assistance of counsel, in order to provide the Government an opportunity to supplement its Response. (D.I. 42; D.I. 43) The Government filed a Supplemental Response with respect to Claim One (D.I. 46), and Movant filed a Reply (D.I. 50). For the reasons discussed, the Court will deny Claim One of Movant's § 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

In April 2011, Movant was indicted on the following three counts: (1) armed bank robbery, in violation of 18 U.S.C. § 2114(a) and (d); (2) carrying, using, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A) and (B). (D.I. 1) These charges arose from Movant's commission of an armed robbery at the Wilmington Savings Fund Society ("WSFS") branch, located in the Pike Creek Shopping Center, Wilmington, Delaware. (D.I. 23 at 17)

On June 20, 2011, Movant entered a guilty plea to Counts One and Two of the Indictment. (D.I 14) In exchange for Movant's guilty plea, the Government agreed that a two-level reduction in offense level for acceptance of responsibility was appropriate. (D.I. 14 at ¶ 3) Further, if Movant's offense level was determined to be 16 or greater, the Government agreed to recommend an additional one point reduction for acceptance of responsibility. *Id.*

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated a total advisory range of 114 to 121 months. (D.I. 33 at 7) Movant requested a variance for "a sentence at or slightly below the bottom of the advisory guideline range of 114 to 121 months." (D.I. 17 at 1) After thoroughly reviewing the PSR and the written submissions by the parties, and after hearing from the parties during the sentencing hearing, the Court denied Movant's motion for a variance and sentenced Movant to a total term of 120 months of imprisonment. (D.I. 20)

Movant filed a *pro se* notice of appeal on October 7, 2011. (D.I. 21) On October 19, 2011, the Court of Appeals for the Third Circuit appointed the Federal Public Defender's Office for the District of Delaware to represent Movant during his appeal. *See United States v. Pronin*, C.A. No. 11-3789, Order (3d Cir. Oct. 19, 2011). On January 31, 2012, the Assistant Public Defender representing Movant ("appellate counsel") filed a Motion for Voluntary Dismissal of Movant's Appeal Pursuant to Federal Rule of Appellate Procedure 42(b). (D.I. 33-1 at A11-A15) On February 15, 2012, the Third Circuit issued an Order granting that motion and dismissing Movant's appeal. *See United States v. Pronin*, C.A. No. 11-3789, Order (3d Cir. Feb. 15 2012).

In January 2013, Movant filed the instant § 2255 Motion. The Government filed an Answer in Opposition. (D.I. 33) Movant subsequently filed a combined Motion to Expand the Record and to Appoint Counsel (D.I. 35), a Supplemental Motion (D.I. 38), a second Motion to Appoint Counsel (D.I. 39), and a Motion for a Certificate of Appealability (D.I. 40). On September 30, 2016, the Court granted the Motion to Expand the Record, denied the Motion to Appoint Counsel, denied the Motion for a Certificate of Appealability, and denied Claim Two of the § 2255 Motion. However, the Court reserved ruling on Claim One in order to provide the Government with an opportunity to supplement its Response to address the assertions in Movant's Supplemental Motion.

(D.I. 42; D.I. 43) The Government filed its Supplemental Response (D.I. 46), and Movant filed a Reply to that Response (D.I. 50)

## III. DISCUSSION

In the sole remaining Claim pending before the Court, Movant contends that defense counsel failed to "properly investigate" and present his "medical situation" during sentencing, because defense counsel failed to act on Movant's request that defense counsel should obtain medical documentation from the attorney who had previously represented Movant in Baltimore County, Maryland. (D.I. 27 at 4, 16-21) According to Movant, the Court may have granted a downward departure due to his medical/psychological condition if defense counsel had presented the pertinent information during the sentencing hearing.

In order to prevail on the remaining Claim in the Petition, Movant must satisfy the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). When, as here, a movant contends that counsel provided ineffective assistance during sentencing, the prejudice prong is satisfied by demonstrating a "reasonable probability that, but for counsel's errors, the result of the sentencing proceeding would have been different than what occurred." *United States v. Polk*, 577 F.3d 515, 520 (3d Cir. 2009). A court can choose to address the

prejudice prong before the deficient performance prong, and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced. *Strickland*, 466 U.S. at 668. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

The Government's initial Response asserts that, even assuming defense counsel was deficient in failing to obtain and present the medical/psychological information Movant's Maryland attorney may have had in her possession, Claim One should be denied because Movant cannot show that he was prejudiced by that failure. The Government contends that Movant's "one-page, undated, unauthenticated Medical Certificate in Russian from a Polyclinic located in Russia, translated by an unknown translator into English, listing a diagnosis of vegetative-vascular dystonia of eutonic type, asthenic-neurologic syndrome," which Movant refers to as a "nervous neck tick," would not have altered the outcome of Movant's sentencing hearing because it "contains no mitigating information establishing a diminished mental capacity at any pertinent time." (D.I. 33 at 13-14)

After the Court denied Claim Two and requested the Government to supplement its Response (D.I. 42; D.I. 43), the Government obtained an affidavit from defense counsel responding to Movant's allegations in Claim One. The Government has filed defense counsel's affidavit as an exhibit to its Supplemental Response. (D.I. 46-1)

According to the affidavit, defense counsel did have a psychologist evaluate Movant. (D.I. 46 at 2-3) To support defense counsel's statement, the Government has provided a copy of a letter from the Federal Public Defender's Office requesting the evaluation. (D.I. 46-1 at 4) Defense counsel explains that, upon completion of the preliminary psychological evaluation, and after conferring with the psychologist about the preliminary findings, counsel concluded it would not be in Movant's best interest to have the psychologist prepare a final report and present the results at

sentencing. (D.I. 46 at 2; D.I. 46-1 at 2) To begin, defense counsel determined that the psychologist's "findings would not mitigate [Movant's] sentence." (D.I. 46-1 at 2) In addition, defense counsel believed Movant would be charged with his mother's murder in the State of Maryland, and that additional psychological evaluations would be conducted. He did not want to disclose the psychologist's findings at Movant's sentencing hearing because those findings might conflict with those of experts who might later testify on Movant's behalf in Maryland. (D.I. 46 at 2; D.I. 46-1 at 2-3)

Defense counsel also explains that he discussed the psychologist's findings with Movant, as well as his reasons for not disclosing those findings at sentencing. According to defense counsel, Movant agreed that it would not be in Movant's best interest to disclose the psychologist's preliminary findings during the sentencing hearing. (D.I. 46-1 at 3)

The following items in the record support defense counsel's statement that he requested a preliminary psychological evaluation of Movant: (1) a copy of a letter from the Federal Public Defender's Office requesting the evaluation (D.I. 46-1 at 4); (2) Paragraph 81 of the Presentence Report, which states that "[d]efense counsel advised that [Movant] recently underwent a psychological evaluation prior, however, those results were not yet available at the time of this writing" (D.I. 46 at 2); and (3) Movant indicated during the sentencing hearing that he had reviewed the PSR with defense counsel and that he had no objections to the PSR (D.I. 46-2 at 8).

Given this record, the Court concludes that defense counsel did not perform deficiently with respect to the issue of Movant's psychological condition because he did, in fact, have Movant undergo a psychological evaluation. Moreover, nothing in the record provides a reason to reject the strong presumption of reasonableness applicable to defense counsel's strategic decision that it was in Movant's best interest to refrain from presenting that information at sentencing. In turn, since defense counsel did have Movant psychologically evaluated in 2011, the Court cannot conclude that

defense counsel acted unreasonably in not requesting Movant's Russian medical records describing a "nervous neck tick" from the Baltimore attorney who had represented Movant in a 2010 domestic abuse case in Maryland. Considering that the Russian medical records pre-date Movant's emigration to the United States on a visa in May 2008 (D.I. 33 at 13), there does not appear to be any nexus between Movant's "nervous neck tick" condition and the violent offenses to which he pled guilty, or any nexus between that condition and any diminished mental capacity at the time of the offenses. For all of these reasons, the Court concludes that Movant has failed to satisfy the performance prong of the *Strickland* standard.

Movant has also failed to satisfy the prejudice prong of the *Strickland* standard. His unsupported and speculative statement that information relating to his psychological condition may have been a mitigating factor if presented at sentencing does not establish a reasonable probability that the outcome of his sentencing would have been different but for the absence of that information. Accordingly, the Court will deny Claim One as meritless.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the Movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Fed. R. Civ. P. 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that Movant is not entitled to relief for Claim One. Therefore, the Court will deny Claim One without an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As discussed above, the Court concludes that Claim One should be denied as meritless. The Court previously denied Claim Two as meritless in September 2016. (D.I. 42; D.I. 43) The Court is persuaded that reasonable jurists would not find these assessments debatable. Thus, the Court will not issue a certificate of appealability.

## VI.   CONCLUSION

For all of the foregoing reasons, the Court will dismiss as meritless Claim One in Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Therefore, the Court will deny Movant's § 2255 Motion in its entirety. An appropriate Order follows.