IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DMITRY PRONIN, | : |
| Movant/Defendant, | : |
| v. | : Civ. Act. No. 13-06-LPS |
| | : Cr. Act. No. 11-33-LPS |
| UNITED STATES OF AMERICA, | : |
| Respondent/Plaintiff. | : |

## MEMORANDUM

### I. INTRODUCTION

Pending before the Court is Movant Dmitry Pronin's ("Movant") Motion For Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion") asking the Court to reconsider its refusal to issue a certificate of appealability with respect to its denial of Movant's § 2255 Motion. (D.I. 53) For the reasons discussed, the Court will deny the Rule 59(e) Motion.

### II. BACKGROUND

On March 31, 2017, the Court declined to issue a certificate of appealability after denying in its entirety Movant's § 2255 Motion challenging his 2011 convictions for armed bank robbery and the carrying, using, and brandishing of a firearm during a crime of violence. (D.I. 51 at 8-9; D.I. 52) Thereafter, Movant filed a notice of appeal in the Third Circuit Court of Appeals. (D.I. 54; D.I. 55) The Third Circuit Court of Appeals forwarded that notice of appeal to this Court and instructed the Clerk to docket the notice of appeal as filed on April 21, 2017. (D.I. 54-1 at 1) On April 28, 2017, Movant filed in this Court the instant Rule 59(e) Motion. (D.I. 53) On May 9, 2017, the Third Circuit Court of Appeals issued an Order staying Movant's appeal until the disposition of the Rule 59(e) Motion. (D.I. 57)

## III. STANDARD OF REVIEW

A motion for reconsideration/amend judgment filed pursuant Federal Rule of Civil Procedure 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## IV. DISCUSSION

Movant timely filed the instant Rule 59(e) Motion, asking the Court to reconsider its refusal to issue a certificate of appealability. The Court liberally construes the Rule 59(e) Motion as a request for the Court to reconsider its denial of Movant's § 2255 Motion and its refusal to issue a certificate of appealability.

Movant does not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the Court's denial of the § 2255 Motion or its refusal to issue a certificate of appealability. Accordingly, the Court will deny the instant Rule 59(e) Motion.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States*

*v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

Dated: May 10, 2017

_____
UNITED STATES DISTRICT JUDGE