IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DMITRY PRONIN, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. Act. No. 13-06-LPS |
| | : | Cr. Act. No. 11-33-LPS |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

## MEMORANDUM

**I.  INTRODUCTION**

Pending before the Court is Movant Dmitry Pronin's ("Movant") Letter Motion For Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)(2) ("Rule 60(b)(2) Motion"). (D.I. 61) For the reasons discussed, the Court will deny the Rule 60(b)(2) Motion.

**II.  BACKGROUND**

On March 31, 2017, the Court denied in its entirety Movant's § 2255 Motion challenging his 2011 convictions for armed bank robbery and the carrying, using, and brandishing of a firearm during a crime of violence. (D.I. 51; D.I. 52) Movant filed a notice of appeal in the Third Circuit Court of Appeals (D.I. 54; D.I. 55), which the Third Circuit forwarded to this Court with instructions that it should be docketed as filed here on April 21, 2017. (D.I. 54-1 at 1) On April 28, 2017, Movant filed a Rule 59(e) Motion, which the Court denied May 10, 2017. (D.I. 53; D.I. 58; D.I. 59) On August 3, 2017, the Third Circuit Court of Appeals terminated Movant's appeal after denying his request for a certificate of appealability. (D.I. 60) Movant filed the instant Rule 60(b)(2) Motion on August 15, 2017. (D.I. 61)

**III.  STANDARD OF REVIEW**

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek

relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Pursuant to Rule 60(b)(2), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

## IV. DISCUSSION

In his Rule 60(b)(2) Motion, Movant appears to allege that he requested the Third Circuit to issue "subpoena[s] duces tecum" requiring the following individuals to be deposed and/or produce certain records: the private attorney from Philadelphia who represented him during his criminal proceeding in this Court; the Assistant Federal Public Defender of Delaware ("Assistant PD of Delaware") who represented him during his criminal proceeding in this Court; the former aggravated homicide counsel from the Maryland Office of Public Defenders who witnessed a conversation in December 2011 among Movant, his private attorney from Philadelphia, and the Assistant PD of Delaware; and the Maryland attorney who represented him. (D.I. 61 at 2) Movant's Rule 60(b)(2) Motion appears to assert that these yet-to-be taken and/or yet-to-be provided depositions and records constitute newly discovered evidence warranting the Court's reconsideration of its denial of his § 2255 Motion, presumably because they support the argument in his § 2255 Motion that defense counsel provided ineffective assistance by failing to properly investigate and present his medical situation during sentencing. (D.I. 61 at 3)

The Court is not persuaded. First, Movant has not produced "newly discovered evidence"

2

in any form to this Court. Moreover, as stated in the Court's Memorandum and Opinion denying Movant's § 2255 Motion, the evidence of record does not support the conclusion that defense counsel performed deficiently in how he investigated and presented Movant's medical condition; while the record evidence does demonstrate that Movant was not prejudiced by defense counsel's actions. (D.I. 51 at 5-7) Finally, when denying Movant's application for a certificate of appealability, the Third Circuit held that Movant did not make "a substantial showing that it is reasonably probable that he would have received a lesser sentence had the Russian medical report and formal report prepared by the examining psychologist been admitted into evidence at sentencing . . ., nor [did he make] a substantial showing that counsel coerced him into withdrawing his appeal." (D.I. 60 at 1) Given these circumstances, the Court concludes that the instant Rule 60(b)(2) Motion does not warrant reconsideration of the denial of Movant's § 2255 Motion.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 60(b)(2) Motion. The Court also declines to issue a certificate of appealability because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

February 14, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE